**Irene JOCK, Plaintiff-Appellant,**

v.

**Patricia HARRIS, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 1414, Docket No. 81–6040.**

United States Court of Appeals, Second Circuit.

Argued May 27, 1981.

Decided June 5, 1981.

Maurie Heins, Onondaga Neighborhood Legal Services, Inc., Syracuse, N. Y., for plaintiff-appellant.

Gregory A. West, Asst. U. S. Atty., Syracuse, N. Y. (George H. Lowe, U. S. Atty., for the Northern District of New York, Syracuse, N. Y., of Counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, LUMBARD and MANSFIELD, Circuit Judges.

FEINBERG, Chief Judge:

Irene Jock appeals from an order of the United States District Court for the Northern District of New York, Howard G. Munson, Ch. J., granting the motion of the Secretary of Health and Human Services (Secretary) for judgment on the pleadings in appellant's action, which challenges the Secretary's determination that she was not eligible to receive Supplemental Security Income (SSI), disability benefits, or widow's benefits. We affirm the decision of the district court.

Appellant applied for the benefits mentioned above on August 1, 1978. After her application was denied, appellant requested a de novo hearing before an administrative law judge (ALJ), which was conducted in July 1979. At the hearing, appellant testified that she had worked as a cashier in a supermarket from 1965 until the store closed in 1975, after which time she had not been employed. Appellant also testified that she suffered from extreme dizziness, pain due to arthritis, and fatigue. The medical evidence submitted at the hearing indicated that appellant received treatment for, inter alia, diabetes with autonomic neuropathy, hypertension, and hyperlipoproteinemia. The medical record before the ALJ also contained a statement from appellant's treating physician that appellant was unable to stand or ambulate for prolonged periods, but could sit and perform fine and gross hand movements without restriction. The treating physician went on to conclude that appellant could "function in a sedentary type of job only."

Based on this evidence, the ALJ held that appellant's "residual functional capacity has been reduced only insofar as she has been unable to engage in work involving extensive walking or carrying or strenuous exertion," and that accordingly she "possesses the residual functional capacity to return to her former job as a cashier." The ALJ noted that appellant's prior position as a supermarket cashier "could be performed in either the sitting or the standing position," although he acknowledged that "[t]he typical supermarket cashier performs work in the standing position." The ALJ then explained:

However, there are numerous cashier jobs existing in the national economy as well as in the claimant's region of residence which can be performed in the sitting position. This type of work is sedentary in nature and involves only minimal lifting in the sense of handling change.

Since appellant was capable of sedentary work, the ALJ concluded that he was "constrained to find that the claimant can return to her former type of job."

The ALJ's findings were approved by the Social Security Administration's Appeals Council in December 1979. Appellant then commenced this proceeding in the district court, where the matter was referred to a magistrate. The latter, in a report filed in October 1980, recommended that the Secretary's determination be affirmed. In January 1981, Chief Judge Munson adopted the magistrate's findings.

■ Appellant contends that it was improper for the ALJ to take administrative notice of the existence of "sedentary" cashier positions. We disagree. Appellant's argument appears to rest on an assumption that her initial burden, in making a prima facie case of disability, was merely to show an inability to return to her prior job as a "supermarket cashier." But this view rests on too narrow a construction of the standard of eligibility for benefits. The relevant provision of the Social Security Act requires that an applicant for disability benefits demonstrate that "his physical or mental impairment or impairments are of such severity that he is . . . unable to do his previous work. . . ." 42 U.S.C. § 423(d)(2)(A).[1] See *Parker v. Harris*, 626 F.2d 225, 230–31 (2d Cir. 1980). In this case, appellant's burden was to show an inability to return to her "previous work" as a cashier, not simply to her former job as a "supermarket cashier." As the First Circuit made clear in *Pelletier v. Secretary of H.E.W.*, 525 F.2d 158, 160 (1st Cir. 1975):

> A claimant makes a prima facie showing of disability only by establishing "that he is unable to return to his former *type* of work." *Hernandez* [*v. Weinberger*, 493 F.2d 1120, 1122 (1st Cir. 1974)]; *Torres v.*

*Celebrezze*, 349 F.2d 342, 345 (1st Cir. 1965) (emphasis supplied). Thus to meet her initial burden it was not enough for Miss Pelletier to show simply that her specific job at Avco entailed exposure to smoke and fumes, she would have to show that such exposure would be a condition of this sort of work generally.

■ In this context—while appellant still bore the burden of proving disability—it was entirely proper for the ALJ to notice that the occupation of "cashier" encompasses sedentary jobs as well as jobs that may require extended periods of standing or occasional supplemental work requiring greater amounts of exertion. The fact that some cashier positions are entirely sedentary is a matter so plainly "within the common knowledge and experience of ordinary men," see *McLamore v. Weinberger*, 538 F.2d 572, 575 (4th Cir. 1976), that we cannot find the ALJ's reasoning in error. It is clear that he was doing no more than explaining the scope of the occupation of cashier in order to demonstrate why appellant had failed to meet her initial burden.

We recognize that in reaching his conclusion, the ALJ used language more appropriate to an inquiry into the availability of alternative employment in the national economy. But this language is harmless surplusage, since in this case the burden had not shifted to the Secretary to establish the availability of such alternative employment.

Appellant also contends that the ALJ inadequately considered both her subjective symptoms and the opinion of her treating physician. From our examination of the record, however, it is clear to us that both of these factors were adequately considered by the ALJ. In fact, in reaching his conclusion that appellant had not sustained her initial burden of proof, the ALJ expressly

---

1. An identical burden is imposed on claimants seeking SSI payments under 42 U.S.C. § 1382c(a)(3)(B). See *Hankerson v. Harris*, 636 F.2d 893, 895 n.2 (2d Cir. 1980). Although there is no similar language in the section of the Act that defines eligibility for widow's benefits, 42 U.S.C. § 423(d)(2)(B), that provision states that a widow will not be considered disabled unless she is incapable of engaging in "any gainful activity." Consequently, a claimant who is unable to meet the initial burden of showing inability to perform "previous work" for the purpose of receiving SSI or disability insurance is a fortiori unable to satisfy the standard of eligibility governing widow's benefits.

relied on the opinion of appellant's treating physician that she could perform "sedentary" work. We have examined appellant's other claims of error and find them to be without merit.