**Robert WALKER, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 82 Civ. 7710 (EW).**

United States District Court, S.D. New York.

May 18, 1987.

Binder & Binder, Hauppauge, N.Y., for plaintiff; Charles E. Binder, of counsel.

Rudolph W. Guiliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Rose-

marie E. Matera, Sp. Asst. U.S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This case has had a long history. Plaintiff Robert Walker (Walker), claiming entitlement to disability benefits under the Social Security Act on account of a brain tumor, has been filing applications for benefits since 1970, the year the tumor was removed. In at least five such applications, plaintiff alleged entitlement to benefits for a period of disability subsequent to 1959. On reviewing plaintiff's fifth application, the Secretary of Health and Human Services (the Secretary) determined that plaintiff last met the special earnings requirement under the Act on June 30, 1959; that plaintiff had to prove that he was disabled on or before that date. Plaintiff's fifth and sixth applications, originally dismissed on grounds of administrative res judicata, were reopened in 1980, and a hearing, at which plaintiff was represented by counsel, was held before Administrative Law Judge (ALJ) Gerald Sheindlin. The ALJ concluded that plaintiff had no medically determinable impairment as of June 30, 1959, and was thus not entitled to benefits. Plaintiff's request for review of the decision was denied by the agency's Appeals Council, and the ALJ's opinion became the final determination of the Secretary.

Plaintiff then commenced this action appealing from the decision of the Secretary pursuant to 42 U.S.C. sec. 405(g). On cross-motions for judgment on the pleadings, this Court, in view of the uncertain and contradictory medical opinions in the administrative record, remanded the case for the taking of additional evidence as to whether plaintiff's tumor existed in June 1959 and for reconsideration of the evidence. This Court ruled that the Secretary erred in rejecting plaintiff's claim of disability on the sole ground that there was no clinical evidence of plaintiff's symptoms, and further instructed the Secretary to analyze more thoroughly the discrepancies in the medical testimony concerning the tumor.[1]

Upon remand, ALJ Robert Schwartz sought additional testimony from plaintiff's doctors, which testimony was submitted by plaintiff in the form of deposition transcripts. Reviewing the old and the new evidence, the ALJ rejected Walker's claim for benefits on two grounds: (1) that "the weight of the evidence does not establish that the claimant's brain tumor existed on or before June 30, 1959," and (2) that assuming the tumor did exist, "it did not disable or prevent him from engaging in any substantial gainful work, including his sole past relevant work in the merchant marine, for any continuous 12 month period commencing on or before June 30, 1959.[2]

The Appeals Council found plaintiff was entitled to a redetermination under Section 5 of the Social Security Disability Reform Act of 1984 (P.L. 98–460), because of an intervening new rule codified at 40 C.F.R. sec. 404.1520a, concerning the evaluation of mental impairments. The Appeals Council also considered objections to the ALJ's recommended disposition submitted by Walker and by his attorney, as well as a new medical report dated August 5, 1985 by Dr. Murray A. Gordon.[3]

In a detailed consideration of the entire record, including the submissions on appeal, the Appeals Council concluded that no further hearing was necessary because plaintiff had no mental impairment during the relevant period.[4] The Council stated:

[T]he objections and additional evidence presented by the claimant's attorney have not established a factual basis for altering the ALJ's recommended finding

---

1. *Walker v. Heckler,* 588 F.Supp. 819, 823–24 (S.D.N.Y.1984).

2. Record at 555.

3. Because Dr. Gordon explicitly stated that he could not assess whether Walker was disabled prior to 1970, his report adds nothing to the record on the issues relevant to the Secretary's determination. *See* Record at 611.

4. The Secretary further complied with 40 C.F.R. sec. 404.1520a by attaching the required Psychiatric Review Techniques Form.

on the issue of disability before June 30, 1959. In brief, no treating physician observed signs, symptoms, or other first hand evidence of severe and continuous functional limitation prior to June 30, 1959, which could have prevented any substantial gainful activity for at least twelve months, including the claimant's past relevant work as a merchant seaman and any speculation to the contrary is dependent upon the claimant's self-serving allegations and not upon factual accounts of his condition at the time.[5] The Appeals Council then adopted the opinion of the ALJ, as modified in light of the redetermination, and the opinion became the final determination of the Secretary. Plaintiff again sought review in this Court, and the parties have again cross-moved for judgment on the pleadings.

## I. Discussion

The burden of proof is on the claimant to establish disability during the period for which benefits are sought.[6] To meet this burden, plaintiff must not only prove that he had a physical impairment, but also that it was severe enough to prevent him from returning to his previous type of employment.[7] In this case, the Secretary found plaintiff either had no impairment or that it was not sufficiently severe to keep him from his previous work.

The Secretary's findings of fact are binding on this Court so long as the claimant receives a fair hearing, no error of law is committed, and the findings are supported by "substantial evidence" in the administrative record.[8] "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9] As explained below, this Court finds that plaintiff received a fair hearing, that the Secretary committed no error of law, and that there is substantial evidence to support the Secretary's findings of fact.

On remand, in compliance with this Court's instructions, ALJ Schwartz made repeated attempts to arrange a de novo hearing at which plaintiff's treating physicians would testify to resolve discrepancies in their opinions.[10] After the ALJ rescheduled the hearing several times and offered on three separate occasions to sign subpoenas for plaintiff's physicians, the parties stipulated that plaintiff could examine the physicians and submit the typed transcript to the ALJ.[11] Plaintiff did so, and the parties further stipulated that the record of the prior hearing before ALJ Sheindlin, as supplemented by the transcripts, would constitute the record upon which ALJ Schwartz would make his determination.[12] Given that plaintiff was represented by counsel and had every opportunity to bring his physicians to a second hearing, ALJ Schwartz's efforts to take testimony sufficed to meet the requirement of *Bluvband v. Heckler*[13] that the hearing officer make efforts to resolve conflict in medical testimony.

ALJ Schwartz then reanalyzed the medical opinions of the plaintiff's physicians and the evidence regarding plaintiff's

5. Record at 530. The Appeals Council, considering a ground for benefits not previously raised, also found that Walker's visual impairment did not meet the criteria for receipt of benefits under the statutory blindness provisions of the Act. *Id.* The Court finds this determination supported by substantial evidence.

6. 42 U.S.C. sec. 423(d)(5)(A); *Schauer v. Schweiker*, 675 F.2d 55, 57–58 (2d Cir.1982); *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir.1981).

7. *Berry v. Schweiker*, 675 F.2d 464, 466–67 (2d Cir.1982). Only if a plaintiff proves he cannot return to his regular employment does the Secretary consider whether he can perform other gainful work. *Havas v. Bowen*, 804 F.2d 783,

785 (2d Cir.1986). Here, the Secretary did not need to reach that issue.

8. *Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir. 1986); *Walker v. Heckler*, 588 F.Supp. 819, 822 (S.D.N.Y.1984).

9. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir.1986).

10. Record at 547–48.

11. Record at 589–90.

12. Record at 548.

13. 730 F.2d 886, 893–94 (2d Cir.1984).

symptomatology in the 1950's. The medical evidence in the record consists primarily of Dr. Green's testimony and records. Dr. Green saw Walker twice prior to June 1959, and during these examinations, there was never any suggestion of a brain tumor or any condition related thereto. Plaintiff on those occasions complained of a recurring cough and a pain in the neck.[14] Plaintiff again visited Dr. Green on at least 14 occasions between 1963 and 1974 for a variety of ailments.[15] Upon questioning by ALJ Sheindlin, the officer at the original hearing, Dr. Green stated that he could not render any opinion with a "reasonable degree of medical certainty" as to whether the tumor existed on June 30, 1959.[16]

Dr. Green's testimony before ALJ Sheindlin stood in contrast to that of Dr. Gallo Benjamin, who first treated Walker in 1970 and also removed his tumor in that year. Upon being told that Walker suffered a seizure in the late 1940's which rendered him unconscious for 10 minutes, and that he suffered thereafter from dizziness and headaches, Dr. Benjamin stated in an affidavit submitted to ALJ Sheindlin and at his subsequent deposition that he could conclude "with overwhelming medical certainty that the tumor removed in 1970 was present at the time of the manifestations of the above stated symptoms."[17] As ALJ Schwartz noted, however, Dr. Benjamin based his opinion on the symptoms described to him by counsel, and did not have independent knowledge of plaintiff's condition in the 1950's.[18]

Analyzing the opinions of the two doctors, ALJ Schwartz found that the conclusion of Dr. Benjamin, who first examined plaintiff 11 years after he ceased to meet the earnings requirement for benefits, "is not entitled to great probative weight," because the symptoms upon which his opinion was based, to wit, dizziness and headaches following a seizure, did not exist prior to June 1959 based upon the weight of the evidence.[19] The ALJ also found that Dr. Green's deposition testimony, in which he adopted a view closer to that of Dr. Benjamin, was not determinative, given Dr. Green's shifting recollection of plaintiff's symptoms,[20] and his lack of notes corroborating his recollection.[21] Neither Dr. Benjamin's subsequent deposition nor Dr. Green's testimony contained evidence of the symptoms plaintiff claims were disabling and upon which Dr. Benjamin premised his opinion. An ALJ is not bound to accept a medical opinion if it is based on evidence of symptoms which the ALJ does not find credible.[22] Upon a review of all the evidence, taking into account the uncertainty in Dr. Green's opinion and the premises of Dr. Benjamin's opinion, the ALJ concluded that either the tumor did not exist prior to June 1959, or if it did, that it was not disabling.[23]

While noting that the available clinical records did not support Walker's claims as to his symptoms, ALJ Schwartz did not rely upon the absence of clinical evidence as the sole ground for rejecting the testimony of plaintiff and his wife.[24] Rather, he specifically stated that his finding that plaintiff had no tumor or was not disabled was based in part on other facts in the

**14.** Record at 548.

**15.** Record at 548–50.

**16.** Record at 89, 552.

**17.** Record at 491–92, 550.

**18.** Record at 550.

**19.** Record at 553.

**20.** Dr. Green's revised opinion was based on at least one incorrect premise. Plaintiff's counsel reminded him that he had previously testified that plaintiff had a "fixed stare" as early as 1957, and he responded to questions in part based on this understanding. In other testimony, however, Dr. Green essentially recanted this statement, noting that his only recollection of the fixed stare was when he referred the plaintiff to Dr. Lefkowitz in 1972. Record at 554–50.

**21.** Record at 551–52.

**22.** *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir. 1979); *Walker v. Heckler,* 588 F.Supp. 819, 823 n. 25 (S.D.N.Y.1984).

**23.** Record at 554–55.

**24.** *Cf. Walker v. Heckler,* 588 F.Supp. 819, 823 (S.D.N.Y.1984).

record.[25] He noted, for example, that plaintiff had not established that his work on board ships prior to June 30, 1959 was not substantial gainful activity.[26] Referring to the hearing held by ALJ Sheindlin, ALJ Schwartz noted that Walker had worked on board the S.S. Constitution on six occasions: from April 30, 1953 to May 20, 1953; July 28, 1953 to August 18, 1953; December 1, 1951 to December 24, 1951; August 25, 1952 to September 15, 1952; July 3, 1953 to July 27, 1953; and October 7, 1952 to October 27, 1952. He also worked on board the S.S. Independence from April 12, 1954 to May 3, 1954 and again on a foreign voyage. Finally, he was hired on three separate occasions aboard the Santa Rosa in 1951, 1953, and 1957.[27]

Given plaintiff's record of employment, he could not have been disabled at all times between the 1948 accident that allegedly caused his tumor and June 30, 1959. Moreover, in concluding that Walker was not disabled, ALJ Schwartz also noted that Walker was repeatedly *rehired* on board ships where he had worked previously.[28] When asked why he was rehired on ships when he claimed that his supervisors there had previously found him unfit, Walker was unable to give an adequate explanation.[29] Walker's alleged disability is also cast into doubt by the fact that he was able to pass the physical examination required by law each time he was hired on a ship.[30]

ALJ Schwartz noted that a further consideration "tending to diminish claimant's allegation that he was disabled prior to June 30, 1959" is that Walker was covered under his wife's medical plan and would have been able to continue seeing his treating physician without finances being a consideration.[31] Dr. Green, plaintiff's treating physician, saw plaintiff first on November 26, 1956, a second time on September 23, 1957, and did not see plaintiff again until March 25, 1963.[32] Although Walker at times sought and was refused aid at the Marine Hospital during this time, and may have visited a doctor on board ship when he did work, Dr. Green was his treating physician during his periods of unemployment. Given the lapse of over five years in plaintiff's visits to Dr. Green, who Walker could see at no cost, ALJ Schwartz was entitled to draw an inference against Walker's claim that he suffered from a disabling condition.

The chief evidence in support of Walker's claim of disability is his own testimony and his wife's that dizziness, vomiting, itching, and other symptoms prevented him from keeping a job. When questioned, however, Walker failed to identify any specific instances in which he was either unable to obtain a job or was discharged because of his ailments.[33] In light of the fact that plaintiff continued to work as a seaman, was repeatedly rehired by previous employers, and seldom took advantage of free medical treatment during his periods of unemployment and alleged disability, there is substantial evidence to support the ALJ's rejection of the Walkers' testimony and his finding that Walker either did not have a tumor or was not disabled prior to June 30, 1959.

## II. Additional Motions

Since this Court's remand of plaintiff's case to the Secretary, plaintiff has sent the Court numerous communications. As to plaintiff's evidentiary submissions, including newspaper clippings, article reprints, and a book on craniotomy from antiquity to the Napoleonic Era, it need only be said that these materials cannot and did not enter into the Court's assessment of the

25. Record at 553–54.

26. *Id.*

27. Record at 145, 148, 553–54.

28. Record at 554.

29. Record at 145–46, 554.

30. Record at 146. A physical examination is necessary in order to be certified as an "able

seaman." *See* 46 U.S.C. sec. 7306 (superceding 46 U.S.C. sec. 672, in effect during the 1950's); 46 C.F.R. sec. 12.05–1.

31. Record at 554.

32. Record at 57, 58, 548.

33. Record at 143–47.

Secretary's findings of fact. Plaintiff received a fair hearing below, and this Court's review is statutorily limited to a review of the facts in the administrative record.[34]

Some of plaintiff's submissions are either captioned or may be construed as motions to compel the production of evidence, or motions to join new parties, or attempts to appeal from agency determinations other than the denial of disability benefits discussed above. The issues to be decided on this appeal, however, concern only the administrative record, and no purpose would be served by compelling the production of additional evidence, or joining unrelated claims, appeals, or parties in this case. The record upon which the decision was made by the ALJ and Appeals Council was complete, plaintiff and his counsel were given every opportunity to present evidence, and a fair hearing was conducted.

The Secretary's motion for judgment on the pleadings is granted. Plaintiff's motions are denied.

So ordered.

**34.** *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir. 1980).