820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Horace RIVERS, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 86-2651.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1987.
Decided June 3, 1987.
 
 Before ERVIN and WILKINSON, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 Timothy Edward Mering (Robert R. Jenkins; Paul R. Schlitz, Jr.; Jenkins & Block, P.A., on brief), for appellant.
 Teena Berman, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Breckinridge L. Willcox, United States Attorney; Larry D. Adams, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Rivers appeals from an order of the district court affirming the Secretary's denial of disability benefits under Title II of the Social Security Act. According to Rivers, the Secretary's determination that he could still perform his past relevant work is not supported by substantial evidence. We agree and remand the case for further proceedings.
 
 I.
 
 2
 Rivers is a 59 year old man who has worked as a bolt threader, an auto mechanic, and a construction laborer. He suffers from diabetes mellitus, degenerative arthritis, gout, and a pulmonary condition. Although his diabetes has occasionally been controlled, it remains a serious problem. In the two years preceding the agency decision, Rivers had a glucose level of over 300mg on 19 occasions, with a measured level of 500mg at least four times. Rivers apparently cannot control his diabetes because he does not appreciate the role of diet and cannot afford insulin or needles.
 
 
 3
 This history of uncontrolled diabetes is beginning to cause serious side effects. Dr. Gyftopoulos, a consultative physician, found that Rivers had the beginning of peripheral neuropathy, noting that sensation to "light touch or vibration were not impaired, except in both hands and both lower extremities below the knee level." Rivers also testified that he often has a problem seeing clearly, especially when his glucose levels increased.
 
 
 4
 In addition to his diabetes, Rivers suffers from moderate arthritis in the left elbow, as well as arthritis in his spine and degenerative joint disease in his knees. Dr. Chi Shiang Chen noted that, during a flare-up of the "gouty arthritis" in his knee, Rivers could not hop on his left leg and had difficulty in squatting, but could walk on his heels and toes. Rivers also suffers from shortness of breath, which is supported by a November 1984 examination that revealed a moderate, although reversible, obstructive defect.
 
 II.
 
 5
 Despite these medical problems, the ALJ found that Rivers could perform "medium" work, which includes any job that requires Rivers to lift up to 50 pounds, with frequent lifting and carrying of no more than 25 pounds. 20 C.F.R. Sec. 404.1567(c). After finding that auto repair and construction work are "medium" jobs and that bolt threading involved "light" exertion, the ALJ concluded that Rivers could perform his past relevant work. When the specific requirements of the former jobs are examined, however, it is clear that substantial evidence does not support that decision.
 
 
 6
 Although the ALJ found that Rivers could no longer lift more than 50 pounds, bolt threaders are required to lift as much as 130 pounds. Moreover, Rivers worked as a bolt-threader more than 15 years before the final agency decision. According to 20 C.F.R. Sec. 404.1565, the agency does not normally consider the type of work that a claimant performed 15 years or more before the agency determination. Thus, the ALJ should not have found that Rivers could perform his past work as a bolt threader.
 
 
 7
 While employed as a construction laborer, Rivers was involved in grading the construction site and setting up the forms for pouring concrete. Both tasks require strenuous physical labor, such as digging ditches and carrying heavy forms. In addition, construction work demands constant bending and stooping. At the disability hearing, the government attorney underscored the arduous nature of this work by noting that the construction work "sounds fairly heavy."
 
 
 8
 Rivers can no longer perform this type of work. Several doctors have noted that Rivers has arthritis in his spine and a degenerative joint disease in both knees. He has been treated for gout at the Matilda Koval Health Center for over three years. Doctor Chen found that, during a flare-up of the gout in his left knee, Rivers could not squat or put much pressure on the knee. In addition to having these mobility problems, Rivers suffers from shortness of breath, which is consistent with an examination that found a moderate obstructive defect. Based on this record, there is no substantial evidence to support the ALJ's decision that Rivers, a 59 year old man with serious knee problems and shortness of breath, could still dig ditches, carry concrete forms, or climb scaffolding.
 
 
 9
 Rivers is also unable to perform his past work as an auto mechanic. Auto repair, like construction work, involves constant bending, stooping, and crawling. Because of his knee problems, Rivers can no longer perform these tasks. In addition to requiring physical mobility, auto repair work demands manual dexterity and visual acuity. Rivers, however, is starting to lose the feeling in his hands because of his uncontrolled diabetes. Dr. Gyftopoulos noted the beginning of peripheral neuropathy, finding that Rivers suffers from decreased sensation in his hands. Without normal feeling in his hands, Rivers cannot perform auto repair work, which often involves delicate mechanical work. In addition, Rivers testified that he often has problems seeing clearly. Although credibility determinations rest with the ALJ, if he discounted Rivers's testimony, the ALJ "needed both to say so and to explain why." Smith v. Heckler, 782 F.2d 1176, 1181 (4th Cir.1986); Deloatche v. Heckler, 715 F.2d 148 (4th Cir.1983). The ALJ neither mentioned nor explained this testimony in his opinion. Based on this record, we cannot conclude that Rivers can still work as an auto mechanic.
 
 
 10
 In sum, the Secretary's conclusion that Rivers can perform his past relevant work is unsupported by substantial evidence. We vacate the district court order and remand this case for further proceedings consistent with this opinion.
 
 
 11
 VACATED AND REMANDED.