838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carolyn J. MILLER, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-1561.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1987.
Decided: Jan. 19, 1988.
 
 Linda L. Furman, on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Regional III, Office of the General Counsel, Department of Health and Human Services; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Deborah Fitzgerald, Assistant Regional Counsel; Henry E. Hudson, United States Attorney; Larry W. Shelton, Assistant United States Attorney, on brief, for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Claimant Carolyn J. Miller appeals the order of the district court granting summary judgment to the Secretary of Health and Human Services. Miller argues that there is a lack of substantial evidence to support the Secretary's decision that she is not disabled and that she can perform her previous work as a cashier. Because we believe there is substantial evidence to support the decision, we affirm.
 
 
 2
 * Miller's medical history is extensive. Briefly summarized, she suffers from arteriosclerotic cerebrovascular disease, thought to be due to familial hyterlipemia and hypertension. Her condition has resulted in a cerebral aneurysm, which was corrected by surgery. She has also suffered seizures and, most recently, a stroke. Aldomet and Dyazide have been prescribed for hypertension and Dilantin, an anti-seizure drug, controls her seizures without side effects. The stroke effected Miller's right side. According to her doctor, she has regained almost full use of her entire right upper extremity, but still has moderate paralysis of the right leg and uses a short leg brace to prevent foot drops so that she can walk.
 
 
 3
 While Miller's treating physician has twice opined that she is totally disabled, his physical capability evaluation indicates that Miller could occasionally lift up to twenty pounds and occasionally carry up to ten pounds. Furthermore, Miller is capable of grasping with both the left and right hand, pushing and pulling arm controls with both extremities, and while unable to do fine manipulation with the right hand, she is capable of such manipulation with the left. She is also capable of occasionally bending, crawling and reaching. Similar findings were made by two Disability Determination Services physicians who concluded that Miller is capable of sedentary work. Moreover, Miller testified at the administrative hearing that she could do a job that required her to sit all day.
 
 II
 
 4
 To overturn the Secretary's decision, this court must find a lack of substantial evidence supporting that decision. Smith v. Heckler, 782 F.2d 1176 (4th Cir.1986). While the treating physician's opinion is entitled great weight, Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983), in this case there is persuasive contradictory evidence which supports the Secretary's decision. Medical evidence provided by Miller's treating physician, the opinion of two disability specialists and Miller's own testimony support the conclusion that she is capable of returning to her prior work as a cashier.
 
 
 5
 There is no merit to Miller's argument that the Administrative Law Judge was in error by not finding non-exertional impairment effecting her capacity to perform sedentary work. The only evidence of possible non-exertional limitations is Miller's own testimony. Subjective testimony alone is not conclusive evidence of disability, but must be supported by objective medical evidence. 42 U.S.C. Sec. 423(d)(5)(A).
 
 
 6
 Likewise, there is no merit to Miller's argument that the Administrative Law Judge misclassified her prior work as "sedentary". It is entirely proper for the Administrative Law Judge to take notice that the occupation of "cashier" encompasses sedentary jobs. Jock v. Harris, 651 F.2d 133 (2nd Cir.1981). An individual can be found capable of returning to her past work, and denied disability on this ground, if she can still perform that kind of work, regardless of the particular demands of a particular past job. DeLoactche v. Heckler, 715 F.2d 148 (4th Cir.1983).
 
 
 7
 Finally, Miller argues that the Secretary failed to show alternative work which Miller can perform. In Hall v. Harris, 658 F.2d 260 (4th Cir.1981), this court stated that when a claimant makes a prima facie showing of physical impairment precluding her from returning to her past work, the burden shifts to the Secretary to show the existence of alternate work which the claimant can perform. Id. at 264. The ALJ determined that Miller was capable of performing her past work as a cashier at a sedentary level. Therefore the burden of going forward never shifted to the Secretary.
 
 
 8
 AFFIRMED.