852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carolyn GRAY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-3914.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 9, 1988.
Decided: July 21, 1988.
 
 Belinda S. Morton, on brief, for appellant.
 Beverely Dennis, III, Chief Counsel; Charlotte Hardnett, Chief, Social Security Litigation Division; Paul S. Ceja, Assistant Regional Counsel Office of the General Counsel, Department of Health & Human Services; Michael W. Carey, United States Attorney; Gary L. Call, Assistant United States Attorney, on brief, for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation; JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue presented is whether the decision of the Secretary of Health & Human Services, denying appellant benefit payments, is supported by substantial evidence. We find that it is and affirm.
 
 
 2
 * Appellant's husband, Lee Gray, alleging that he became disabled on August 15, 1977, filed an application for disability insurance benefits on August 23, 1982. Claimant's application was denied initially and on reconsideration by the Social Security Administration. Claimant died on February 18, 1984 and his wife, Carolyn Gray, was substituted as the plaintiff. Mrs. Gray requested a hearing before an Administrative Law Judge ("ALJ") on her husband's claim, and requested that the ALJ decide the case on the evidence of record. On August 14, 1984 the ALJ determined that claimant had been disabled from October 1, 1982 onward. Because he last met the insured status for disability insurance benefits on March 31, 1982, he did not qualify for disability insurance benefits. The Appeals Council denied appellant's request for review of that decision and appellant sought judicial review in the United States District Court for the Southern District of West Virginia. On March 4, 1986, the district court remanded the case to the Secretary for vocational expert testimony and additional medical evidence.
 
 
 3
 On November 28, 1986, after a hearing at which appellant's counsel was present and a medical advisor and vocational expert testified, the ALJ determined that there were sedentary and light work jobs that claimant could perform prior to the expiration of his insured status, and therefore he was not entitled to disability insurance benefits. The Appeals Council adopted the findings and conclusions of the ALJ, and appellant appealed this decision to the district court. On January 11, 1988, the district court affirmed the decision of the Secretary.
 
 II
 
 4
 The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. Sec. 423(d)(1)(A). A claimant for disability benefits bears the burden of proving the existence of such a disability. Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir.1986); Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir.1983). Once a claimant makes a prima facie showing of a physical impairment that effectively prevents him from returning to his past work, the burden shifts to the Secretary of going forward with evidence that the claimant is able to perform other work that exists in the national economy. Smith v. Heckler, 782 F.2d at 1180; Foster v. Heckler, 780 F.2d 1125, 1128 (4th Cir.1986); Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981).
 
 
 5
 In reviewing a decision by the Secretary, "[w]e do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986). See also Richardson v. Perales, 402 U.S. 389, 401 (1971). Appellant emphasizes the ALJ's finding that "[t]here is evidence that the claimant probably did not follow prescribed diet and medications." (App. at 29). She argues that the record shows that the claimant was unable to control his abuse of alcohol and that this accounted for his failure to follow recommended treatment. We need not address this issue. The ALJ did not base his decision as to the claimant's disability status prior to March 31, 1982 on the fact that claimant's condition was made worse by his failure to take his medication and follow a prescribed diet. Rather, the ALJ's finding was based on the conclusion that claimant's actual condition, though severe, was not disabling on or before March 31, 1982, the date he last met the disability insured status requirements. Therefore, we must decide only whether the Secretary's finding, that on and prior to March 31, 1982 claimant was capable of performing a wide range of light and sedentary work, is supported by substantial evidence. We hold that it is so supported.
 
 III
 
 6
 The ALJ found that, prior to March of 1982, the claimant had established he was unable to return to his former work. Thus, the Secretary had the obligation to go forward with evidence that there were other jobs that the claimant could perform. Dr. Thompson Percy appeared at the supplemental hearing and testified on the medical aspects of the case. He stated that the medical evidence shows that, in 1971, the appellant's husband had a problem with cystitis (inflammation of the urinary bladder) and prostatitis (inflammation of the prostate), but that this resulted in no functional impairment. He also testified that the medical evidence shows that in 1980 Gray was treated for pneumonia, but again this resulted in no functional impairment after he recovered. Dr. Percy further testified that the evidence shows that in 1981 Gray was treated for hypertension (high blood pressure), pulmonary edema (fluid in the lungs), cardiomyopathy (disease of a heart muscle occurring in some chronic alcoholic persons), and early cardiac decompensation. He found, however, that these conditions did not result in any functional impairment after the conditions were treated, and that none of these problems extended over a long period of time. Finally, Dr. Percy found that by January 29, 1983 claimant's condition was sufficiently incapacitating to meet the disability requirements. The record contains no assessment of Gray's residual functional capacity that contradicts the conclusions of Dr. Percy.
 
 
 7
 Due to evidence of nonexertional limitations in the record, in assessing claimant's residual functional capacity to perform other work the ALJ was not entitled to rely solely on the "grids" or tables of jobs available in the national economy. See, e.g., Shively v. Heckler, 739 F.2d 987, 989 n. 1 (4th Cir.1984). Therefore, the ALJ obtained the services of a vocational expert in reviewing the evidence. After examining all the documents of record and sitting through the entire hearing, this expert testified that Gray was capable of performing such jobs as meter reader, numerous unskilled light manufacturing jobs and assembly jobs, janitorial positions, and parking lot attendant. (App. at 30). The ALJ's decision indicates that the vocational expert's opinion was based on a hypothetical that included the "functional limitations and restrictions stated to be imposed upon [the claimant] by the impairments presented...." Id. Moreover, the vocational expert testified that, even assuming Gray could only perform sedentary work, there were still a significant number of sedentary, unskilled jobs that he could perform so long as he was sober and capable of using his hands. Id.
 
 
 8
 The ALJ found that although the evidence showed that claimant had a history of alcohol abuse, it did not indicate that on or prior to March 31, 1982 (when his insurance lapsed) that it was of such a degree that he could not have controlled it sufficiently to perform basic work activities on a sustained basis. (App. at 31). Moreover, the ALJ found that the evidence did not support a claim that Gray had any difficulty using his hands and feet during the period at issue. Id.
 
 IV
 
 9
 In light of the testimony of Dr. Percy and the vocational expert, and upon a review of the record, we find that the determination of the Secretary that claimant was not disabled on or before March 31, 1982 is supported by substantial evidence.
 
 
 10
 AFFIRMED.