Lenita EAKER, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. CIV. 5:95CV145–V.

United States District Court, W.D. North Carolina, Statesville Division.

Sept. 9, 1998.

## MEMORANDUM AND ORDER

VOORHEES, District Judge.

**THIS MATTER** is before the Court on Plaintiff's motion for summary judgment filed July 7, 1997, and Defendant's motion for summary judgment filed October 6, 1997. Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing orders of this Court, United States Magistrate Judge Brent McKnight was designated to consider and recommend disposition of these motions to the Court. Accordingly, on February 5, 1998, Magistrate Judge McKnight entered a Memorandum and Recommendation in this case recommending that the Court deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision denying benefits. The parties were advised that objections to the Memorandum and Recommendation were to be filed within ten days. Plaintiff filed her objections on February 10, 1998.

## I. STANDARD OF REVIEW

■ In reviewing a denial of benefits under the Social Security Act, the Court examines the record carefully to determine whether the Secretary's decision is supported by substantial evidence and consistent with current case law. 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990). Substantial evidence has been described as that which a reasonable person would accept as sufficient to support a conclusion. *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir.1986). The Court does not substitute its evaluation of the relative significance of the evidence; rather, the Court is limited to identifying the evidence or lack thereof. *Hays*, 907 F.2d at 1456.

■ As for objections, the district court reviews *de novo* those portions of the Memorandum and Recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1). Pursuant to this section, however, the Court is required to review only those matters to which an objection is made. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required or necessary when a party makes general or conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

## II. OBJECTIONS

■ In this case, the Plaintiff has essentially rehashed the same argument previously made in her motion for summary judgment. In fact, Plaintiff's objection is pulled verbatim from the Plaintiff's motion for summary judgment without any additional reference to the Memorandum and Recommendation. Since Plaintiff has failed to challenge any particular finding or identify any specific error in the Memorandum and Recommendation, the Court is not required to conduct a *de novo* review, but only a careful review. *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992). To hold otherwise would tend to frustrate the purposes of the Federal Magistrates Act, 28 U.S.C. § 636. *Id.*

■ After a careful review of the Magistrate Judge's recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendant's motion for summary judgment be allowed.

## III. ORDERS

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for summary judgment is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is hereby **GRANTED** and that the Secretary's decision in this case is **AFFIRMED**.

A Judgment dismissing this matter on the merits will be entered herewith.