UNITED STATES COURT OF APPEALS
**Filed 11/4/96**
FOR THE TENTH CIRCUIT

TEDDY L. WILSON

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

    Defendant-Appellee.

No. 96-5060
(D.C. No. 94-C-659-B)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. Civ. P. 25(d)(1), Shirley S. Chater, Commissioner of Social Security, was substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although the caption reflects this substitution, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[***] District Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Teddy L. Wilson appeals from a district court order affirming the decision of the Secretary to deny his application for social security benefits.  The Secretary concluded that plaintiff's capacity for medium exertional activity not requiring binocular vision enabled him to perform certain previous occupations and, accordingly, found him not disabled at step four of the controlling analysis.  See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  We examine the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  The scope of our review, however, is restricted by the issues properly preserved and presented by the claimant.  See Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994);

_____

[***]    Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). For the reasons stated below, we affirm.

Plaintiff raises a number of issues for our review, challenging on distinct grounds each of several prior occupations underpinning the Secretary's step-four determination. Since the ability to perform any past relevant work would establish his nondisability, however, we need consider only plaintiff's challenge regarding the Secretary's reliance on his previous employment as owner and operator of a fast-food stand.

Plaintiff does not dispute the Secretary's finding that he can still meet the demands of his past work at the fast-food stand; rather, he argues only that there is no evidence he possesses the financial means to (re)acquire such a business. We agree with the Secretary that this argument misconceives the whole thrust of the step-four analysis, which focuses strictly on the relationship between functional capacities and vocational requirements. Indeed, two complementary lines of authority converge on this conclusion.

The determination of disability at step four consists of a comparative assessment of the claimant's physical and mental capabilities in light of the corresponding demands of the claimant's previous employment. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). Hence, the pertinent factual information regarding past relevant work

concerns only "those work demands which have a bearing on the [claimant's] medically established limitations." Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir. 1996)(emphasis added). Purely financial considerations of the sort asserted here by plaintiff, which bear no relationship to his established functional limitations,[1] are therefore irrelevant. See Schnorr v. Bowen, 816 F.2d 578, 581 n.4 (11th Cir. 1987)("the determination of whether [claimant] can return to his past relevant work [as owner-operator of service station] cannot be dependent on [his] capacity to raise capital to purchase a service station . . . . [T]he proper inquiry is whether [he] can perform the physical duties and responsibilities of an owner-operator of a service station."); see also Dupuis v. Secretary of Health & Human Servs., 869 F.2d 622, 624 (1st Cir. 1989)(step-four analysis of claimant's past work as owner-manager of small business focused solely on functional effect of his impairments).

Further, when both ownership and personal responsibility for operation of a business coincide in the same person, he or she may reasonably be ascribed not only the status of owner but also the occupation of operator. Several step-four cases reflect tacit application of this common-sense principle, which renders the

---

[1] Plaintiff does not contend, and there is no evidence in our record to suggest, that his ownership of the fast-food stand enabled him to restrict his duties as operator in such abnormal fashion that his actual performance of that occupation, reasonably understood, would be in doubt.

claimant's inability to resume ownership irrelevant to the dispositive question whether the occupation previously performed remains within his or her functional capacity. See, e.g., Limberopoulos v. Shalala, 17 F.3d 975, 979 (7th Cir. 1994)(step-four analysis of former "fruitstand owner-operator" turns on ability to meet demands of "clerk of a [similar] self-service store"); Smith v. Heckler, 782 F.2d 1176, 1177, 1182 (4th Cir. 1986)(step-four analysis of former "owner and operator of a small appliance store" turns on ability to meet demands of "appliance store manager"); McCallum v. Sullivan, No. 89-2143, 1990 WL 126410, at *1 (6th Cir. Aug. 31, 1990)(unpublished)(step-four analysis of owner-operator of small convenience store turns on ability to meet demands of "convenience store operator"); see also Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047, 1052 (10th Cir. 1993)(step-four analysis of self-employed general contractor turns on capacity to meet demands of general contractor job, regardless of ability to resume additional duties attendant upon ownership of business).

Accordingly, the Secretary's determination that plaintiff can perform his past relevant work as a fast-food stand operator is not undercut by plaintiff's asserted inability to purchase such a business. As plaintiff has raised no other factual or legal challenges regarding such work, the Secretary's finding of nondisability and consequent denial of benefits must stand.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge