**Elizabeth DeLOATCHE, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services of the United States, Appellee.**

No. 83–1096.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1983.

Decided Aug. 22, 1983.

---

3. *See Supra* note 1.

Jonathan R. Harkavy, Greensboro, N.C. (Henry N. Patterson, Jr., Smith, Patterson, Follin, Curtis, James & Harkavy, Raleigh, N.C., on brief), for appellant.

Haila N.K. Coleman, Asst. Regional Atty., Dept. of Health and Human Services, Washington, D.C., Kimberly Hall, Third Year Law Student (J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Samuel T. Currin, U.S. Atty., Raleigh, N.C., Carl H. Harper, Regional Atty., F. Allen McDonogh, Supervisory Atty., Atlanta, Ga., on brief), for appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

Elizabeth S. DeLoatche was denied disability benefits by the Secretary after a hearing by an administrative law judge (ALJ). She then filed the present action, and subsequently both parties moved for judgment on the pleadings. A United States magistrate found significant faults in the Secretary's decision and recommended a remand, but the district court sustained the Secretary's objections to the magistrate's report and dismissed the complaint. DeLoatche appeals, and we now reverse and remand for further consideration.

I.

DeLoatche is fifty-nine years old. She stopped work in June 1980 because of her ailments, and she has been awarded disability retirement by the state of North Carolina. For three decades before her retirement DeLoatche worked for the Wake County school system, at first as a home economics teacher and then, throughout the "past relevant work" period, see 20 C.F.R. § 404.1565(a) (relevant period is fifteen years before onset of disability), as a school social worker. Her duties as a social worker involved standing and walking an average of three hours a day, considerable driving between the fifteen schools for which she was responsible and to students' homes, frequent bending and reaching, and some carrying of materials, including on occasion typewriters.

DeLoatche suffers from a variety of ailments. She introduced evidence of the following: generalized arthritic pain and swelling resulting in restricted motion; a left mastectomy performed in 1975 because of breast cancer; elephantiasis (marked swelling) of the left arm because of an arm injury soon after the mastectomy; chronic asthma resulting in shortness of breath; high blood pressure; retinal degeneration and a cataract in the left eye; and anxiety and depression resulting from her medical condition.

DeLoatche's medical problems require her to take a variety of medicines, to wear at all times an elastic sleeve on her left arm and hand, and to use a pressure device on her swollen arm on a regular basis. DeLoatche testified that her activities are severely restricted; however, she retains a

valid driver's license and can drive short distances to a doctor's office.

DeLoatche's primary treating physician for the last fifteen years testified that in his opinion DeLoatche's condition had become so severe by June 1980 that she was *no longer able to work.* A second physician who had treated DeLoatche found her totally disabled as of September 15, 1980, because of her arthritis. A third doctor performed a single consultative examination on September 11, 1980, which confirmed DeLoatche's eye problem and lung disease. This doctor, in contrast to the two treating physicians, found the swelling of the left arm to be only slight, and did not confirm the diagnosis of arthritis as the cause of DeLoatche's joint pains.

The ALJ specifically found that DeLoatche's "impediments include post left mastectomy, [swelling] of the left arm, chronic lung disease, and joint pains of undetermined etiology." He did not find as facts, nor did he reject as non-credible, the diagnoses of eye disease and psychological impairment. In addition, the ALJ did not explain why he disregarded the positive diagnosis of arthritis by both treating physicians or their expressed opinion that she is totally disabled. Finally, the ALJ completely disregarded the fact that DeLoatche's state employer had found her to be disabled.

The ALJ concluded that DeLoatche remains able to perform sedentary work. Without any explanation or discussion, he characterized her past relevant work as sedentary and therefore held that DeLoatche was not disabled because she could return to her prior job.

## II.

Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator. In the present case, the ALJ's failure to make requisite findings or to articulate the bases for his conclusions makes our task impossible.

In *Hall v. Harris,* 658 F.2d 260, 266 (4th Cir.1981), the ALJ "made no findings as to whether [the claimant] also had nonexertional limitations affecting her capacity to perform sedentary work. These are necessary in determining a claimant's residual functional capacity." We concluded that this failure to make findings alone necessitated a remand. *Id.*

The defects of the ALJ's opinion in the present case are even more egregious than those with which we dealt in *Hall.* Not only did the ALJ totally disregard the impact of DeLoatche's nonexertional limitations (*i.e.,* her eye and psychological problems), but in addition he failed to explain why he disregarded the positive opinion expressed by both of DeLoatche's treating physicians that she is totally disabled. Nor did he consider the fact of the disability determination by the state of North Carolina.[1] Perhaps most important was his failure to analyze the cumulative or synergistic effect DeLoatche's various maladies have on her ability to work. *See, e.g., Oppenheim v. Finch,* 495 F.2d 396, 398 (4th Cir. 1974) (requiring Secretary to consider on remand effect of medical problems considered in combination rather than individually). It may be, of course, as the Secretary suggests on appeal, that the ALJ considered all of these factors and proposed to himself cogent reasons for disregarding them. However, on this record we cannot so determine. The Secretary must present us with findings and determinations sufficiently articulated to permit meaningful judicial review. This she has not done in the present case. On remand, she should consider the factors overlooked by the ALJ as well as any other relevant evidence, and present in reviewable form her analysis of the claimant's condition.

---

1. Neither the opinion of a treating physician nor the determination of another governmental entity are binding on the Secretary. Nevertheless, we have repeatedly stressed that "the opinion of a claimant's treating physician is entitled to great weight." *Vitek v. Finch,* 438 F.2d 1157, 1160 (4th Cir.1971). Similarly, the disability determination of a state agency is entitled to consideration by the Secretary.

### III.

██ DeLoatche's testimony as to the nature of her job as a "school social worker" is unrebutted in the record. That testimony indicated that she was required to engage in extensive walking, standing, and driving each day, and that frequent bending, reaching, and carrying of objects including typewriters was necessary. The ALJ gave no reason for disbelieving DeLoatche's description of her job.

The ALJ characterized DeLoatche's job as "sedentary." The Secretary has defined "sedentary" work in 20 C.F.R. § 404.-1567(a):

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

At first glance, DeLoatche's description of her duties seems to fall outside this definition, primarily because walking and standing were required of her not "occasionally" but frequently. Her job appears instead to come within the Secretary's definition of light work, 20 C.F.R. § 404.1567(b):

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

On appeal, the Secretary nevertheless argues that the ALJ was entitled to rely on the description of "school social worker" as a sedentary job that is found in the *Supplement to the Dictionary of Occupational Titles,* § 195.108 (1965), published by the Department of Labor.[2] We agree with the

Secretary that DeLoatche had to show an inability to return to her previous work (*i.e.,* occupation), and not simply to her specific prior job. *See Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981). We agree further that the Secretary may rely on the general job categories of the *Dictionary* as presumptively applicable to a claimant's prior work. The same label, however, may be used in a variety of ways. The fact that the claimant's former employer labeled the claimant's job that of a "school social worker" does not prove that the claimant was engaged in the occupation the *Dictionary,* or some other administrative categorization system, labels as "school social worker" and identifies as sedentary. The claimant may overcome the presumption that the Secretary's generalization applies by demonstrating that her duties were not those envisaged by the framers of the Secretary's category.

DeLoatche appears to have met this burden. The definition of "school social worker" on which the Secretary relies makes no mention of the extensive walking, standing and driving activities required of a person responsible, as DeLoatche was, for fifteen schools. On remand, the Secretary of course may consider additional evidence on the proper characterization of DeLoatche's relevant prior work; it may be possible that the Secretary can demonstrate that it is only DeLoatche's specific prior job, and not her occupation, which is not properly termed "sedentary." However, on the present record such a determination cannot be upheld.

### IV.

The record before us does not permit meaningful review of the Secretary's determination. We therefore must reverse the district court's judgment, and remand this case for further consideration in accordance with this opinion.

REVERSED AND REMANDED.

---

**2.** We agree with the Secretary that the ALJ was entitled to take administrative notice of the *Dictionary. See* 20 C.F.R. § 404.1566(d)(1) (permitting such notice).