884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mitchell TAYLOR, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellant.
 No. 88-2939.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided July 24, 1989.
 
 Belinda S. Morton for appellant.
 Deborah Fitzgerald (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, William B. Reeser, Assistant Regional Counsel, Office of General Counsel, Department of Health and Human Services, Michael W. Carey, United States Attorney, Kurt E. Entsminger, Assistant United States Attorney on brief) for appellee.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case is before the court on appeal from the final judgment of the district court below, affirming the final decision of the Secretary of Health and Human Services, which final decision denied the appellant's application for disability insurance benefits under Title II of the Social Security Act.
 
 
 2
 The record is replete with numerous reports of various physicians, some specialists of one sort or another, including a psychiatrist and also a clinical psychologist. Since 1964, the record indicates that appellant has been examined by Dr. Ray E. Burger, Dr. Kwan Ho Lee, Dr. Randolph L. Anderson, Dr. Alberto C. Lee, Dr. William Pushkin, Dr. Russell Kessel, Dr. William F. Hilliar, Jr., Dr. Charles C. Weise, and Joseph C. Taylor, M.A.
 
 
 3
 Briefly, the argument of the appellant is that the Secretary erred in several respects, in not finding that low intelligence can be a basis for disability, in failing to construe broadly and to apply liberally the Social Security Act, in failing to take into account that the appellant had been found disabled by the State Workers' Compensation Commissioner, and in failing seriously to consider the appellant's subjective complaints of pain.
 
 
 4
 As to the matter of low intelligence, the intelligence testing showed a full scale WAISIQ of 75, with a verbal score of 75 and a performance score of 80. These findings are well above the range at which the Secretary is directed to find inability to follow a gainful employment. Vocational experts, particularly Dr. Paul Crawford, also testified that the appellant was capable of such light exertional jobs as gate attendant, night watchman, assembly jobs, custodial jobs, etc.
 
 
 5
 There is evidence, principally from the appellant, concerning the pain of which the appellant complains. The problem with the matter of pain, however, is that there is not in the record objective evidence of an underlying impairment which could reasonably produce the symptoms (subjective complaints of pain) alleged. See Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986). Subjective complaints of pain must be thus buttressed by such objective evidence.
 
 
 6
 The fact that the appellant has received workers' compensation benefits is not determinative of the issue in this case. The Appendix reveals that the Administrative Law Judge (ALJ) did deal with this question, but the award of workers' compensation benefits proceeds on a different set of standards than does an award such as that sought by the appellant. Such determinations under other standards are not binding on the Secretary in relation to disability insurance benefits. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir.1983); Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir.1968).
 
 
 7
 So far as the argument as to the Secretary's failure broadly to construe and liberally to apply the Social Security Act is concerned, the record is clear that the ALJ and thereafter ultimately the Secretary did in fact apply the law and the regulations drawn thereunder in an entirely proper manner.
 
 
 8
 It must be conceded that there is conflicting evidence in the case concerning the degree of disability of the appellant here, but the task before this court is to determine whether there is "substantial evidence" in the record to support the decision of the Secretary. Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. Sec. 405(g). We conclude that there is such substantial evidence in the record in support of the decision of the Secretary, and for that reason find that the decision of the court below must be
 
 
 9
 AFFIRMED.