884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas FOX, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 88-2079.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1989.
 
 Before RALPH B. GUY, Jr., BOGGS and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Fox appeals from the district court's judgment affirming the Secretary's denial of disability insurance benefits and supplemental security income. We have carefully considered the record and briefs on appeal, and conclude that substantial evidence supports the Secretary's adoption of the finding of the administrative law judge that Fox retained the ability to perform jobs of low to moderate stress, and that such jobs existed in significant numbers in the regional economy. We therefore affirm the judgment of the district court.
 
 
 2
 Fox claims that he is disabled by manic-depressive bipolar disorder. With this disorder, a chemical imbalance of lithium in his body results in manic-depressive behavior: inappropriate and extreme reactions to social situations, little sleep, decline in personal hygiene, and obsessive behavior swinging from euphoria to depression. Although this disorder is apparently in at least partial remission, stress seems to exacerbate it. He was hospitalized a number of times for the disorder, the last such hospitalization being in November 1982.
 
 
 3
 At the time of the ALJ's hearing in 1987, Fox lived with both of his parents, his sister, and her husband. He was responsible for maintaining his room, but had no additional household duties. He was capable of maintaining personal hygiene. He was a high school graduate who could read and perform basic mathematical calculations without problem.
 
 
 4
 He enjoyed swimming, and taking ten minute twice daily walks. He also enjoyed reading, listening to the radio, watching television, and visiting with friends. He had gone to the racetrack and boating with friends. Depending on the season, he enjoyed fishing and bow hunting for deer. He did not like to socialize with large groups of over 5 people. When social situations become too stressful, he might leave. On at least one occasion, he began to scream in public at a friend who would not stop to talk with him.
 
 
 5
 Fox testified that he did not have problems sitting or standing, other than some lower back problems which may cause discomfort upon standing up from a sitting position. He had occasional tremors in his hands which he attributed to stressful situations or his medication.
 
 
 6
 The ALJ concluded that while Fox's condition was severe, it did not meet or equal a listed impairment. The ALJ found that Fox had no exertional impairments. The vocational expert testified that Fox would be able to perform a number of jobs of low to moderate stress.
 
 
 7
 In conjunction with this testimony from the vocational expert, and after considering the severity of Fox's condition and his age, educational background, and work experience, the ALJ concluded that there were a significant number of jobs in the regional economy for which Fox would be capable of performing. We believe that substantial evidence supports this determination.
 
 
 8
 We also conclude that the ALJ was not required to consider Fox's every complaint in posing hypotheticals to the vocational expert. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927-28 (6th Cir.1987). The hypotheticals posed by the ALJ were supported by evidence on the record, and were thus properly posed. Id. at 928. Fox also contends that the ALJ must defer to the determination of disability by a treating physician. However, the ALJ is not required to assent to the legal determination of disability by a treating physician; the ALJ must make this determination. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). Fox further contends that the fact that the state of Michigan found him disabled should guide the Secretary to a similar determination. He cites a number of cases which he believes support this contention. Stewart v. Heckler, 730 F.2d 1065 (6th Cir.1984); Brady v. Heckler, 724 F.2d 914 (11th Cir.1984); DeLoatche v. Heckler, 715 F.2d 148 (4th Cir.1983); Olson v. Schweiker, 663 F.2d 593 (5th Cir.1981); Fowler v. Califano, 596 F.2d 600 (3rd Cir.1979); Cutler v. Weinberger, 516 F.2d 1282 (2nd Cir.1975). None of the cases cited, however, require the Secretary to defer to the determinations of other agencies. The most that these cases can be said to state is that the Secretary should consider the determinations of state agencies; the Secretary did so in the present case. In disability cases, the Secretary must make an independent judgment.
 
 
 9
 Finding all of Fox's arguments to be without merit, we AFFIRM the district court's judgment upholding the Secretary's decision to deny benefits.