896 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jesse R. SMITH, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-1730.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 30, 1989.
Decided: Feb. 6, 1990.
 
 James A. McLaughlin (Susan K. McLaughlin, McLaughlin and Curry, on brief), for appellant.
 Jacquelyn Cusumano (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Gary S. Simpson, Assistant Regional Counsel, Department of Health and Human Services; William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, Curcuit Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Jesse R. Smith appeals from the judgment of the district court sustaining the Secretary's decision that he is not entitled to social security disability benefits. We affirm.
 
 I.
 
 2
 Claimant worked for over 18 years as a coal miner and was unable to pass the physical examination required for other employment after his mine closed in November, 1982. Claimant asserts that he suffers from degenerative arthritis, disc disease, spurring, scoliosis, black lung, and a nervous disorder.
 
 
 3
 The administrative law judge (ALJ), whose decision became that of the Secretary and was affirmed by the district court, found that claimant could not perform his past relevant work, but that he had the residual functional capacity to perform medium work. The ALJ based the latter finding upon the medical evidence submitted by both parties and the testimony of a vocational expert.
 
 
 4
 Claimant advances two major contentions before this Court. First, claimant argues that the ALJ's findings were not based on substantial evidence. Second, he argues that the record was inadequately developed at the administrative hearing.
 
 II.
 
 5
 The standard of review of an appeal from a denial of Social Security benefits is whether the final decision of the Secretary is supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The Secretary's decision should be affirmed if it is supported by substantial evidence even if an appellate court would reach a different result were it reviewing the case de novo. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972). We conclude that substantial evidence existed to support the ALJ's findings that claimant could perform work up to and including the medium exertional level and that there were a number of jobs in the regional economy which the claimant could perform.
 
 
 6
 Claimant's receipt of black lung benefits and workman's compensation is neither persuasive evidence of his disability nor determinative of the issue in this case. An award of either workman's compensation or black lung benefits proceeds under a different set of standards than does an award such as that sought by claimant. Such determinations under other standards are not binding on the Secretary in relation to disability insurance benefits. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir.1983); Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir.1968).
 
 
 7
 The Secretary had the benefit of considerable medical evidence that claimant's respiratory and back conditions would not have prevented him from performing medium work after his company laid him off in November, 1982. Claimant had been examined by several doctors who concluded that claimant could perform medium work which did not require sufficient exposure to dust or fumes. The ALJ also heard testimony from a vocational expert who stated that there were a number of jobs in the regional economy which claimant could perform. The opinions of the doctors and the vocational expert are sufficient to meet the substantial evidence requirement, and, therefore, the district court properly adopted the ALJ's conclusion that claimant is not disabled within the meaning of the Social Security Act.
 
 III.
 
 8
 We further conclude that the ALJ adequately developed the record at the administrative hearing. The ALJ heard testimony from claimant, his employer, and a vocational expert regarding claimant's prior work tasks. The ALJ also allowed follow-up questions by claimant's attorney to elicit further details of claimant's work history. Regarding claimant's medical history, the ALJ received evidence of numerous consultative examinations of claimant's alleged back pain, respiratory ailments, and pulmonary limitations. Additionally, we find that the ALJ had no duty to further develop the record regarding claimant's alleged "nervous breakdown" since none of claimant's examining physicians suggested that he suffered from any mental or emotional impairment. For the foregoing reasons, the district court properly found that any alleged deficiencies in the development of the record were not prejudicial to the claimant and did not prevent him from receiving a fair hearing.
 
 
 9
 AFFIRMED.