70 F.3d 112
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shelby J. SIMMONS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1075.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1995.
Decided Nov. 14, 1995.
 
 G. Thompson Miller, BRINKLEY, WALSER, MCGIRT, MILLER, SMITH & COLES, Lexington, North Carolina, for Appellant.
 Frank W. Hunger, Assistant Attorney General, Walter C. Holton, Jr., United States Attorney, Mack A. Davis, Acting Chief Counsel, Region IV, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Cheryl Nikonovich-Kahn, Assistant Regional Counsel, John C. Stoner, Assistant Regional Counsel, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellant.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shelby J. Simmons appeals the district court's order accepting the magistrate judge's report and recommendation and refusing to disturb the Secretary's determination that she was not entitled to supplemental security income benefits. On appeal, Simmons makes seven assignments of error.* We find that the district court's order must be vacated and the case remanded to the Secretary for further proceedings because the administrative law judge (ALJ) failed to consider whether Simmons rebutted the Dictionary of Occupational Titles (DOT ) definition of her prior relevant work. Accordingly, we do not reach any of Simmons's other assignments of error.
 
 
 2
 This court's review of the Secretary's decision is limited to determining whether the findings of the Secretary are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971), and whether the correct legal standards were applied. Hays v. Sullivan, 907 f.2d 1453, 1456 (4th Cir.1990). In Simmons's case, the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2 (1995), would direct a finding of disability if Simmons could prove that she could not return to her previous occupation. Table No. 2 applies where the claimant is limited to light work as a result of a severe impairment. Id. A "severe impairment" is one or a combination of impairments which "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. Secs. 404.1520, 416.920(c) (1995). The ALJ found that Simmons suffers from a severe cervical strain as a result of a car accident. Further, Simmons is of advanced age, limited education and is without transferable skills. If Simmons cannot return to her previous occupation, the combination of the four factors directs a finding of "disabled." See Rule 202.01; Rule 202.02.
 
 
 3
 The ALJ determined that although Simmons suffered from the neck injury, she retained the residual functional capacity to perform light work. The ALJ credited Simmons's testimony regarding her most recent employment and found that her work in a furniture factory as she described it constituted a job requiring "medium" exertion. Virtually without comment, the ALJ accepted the testimony of the occupational expert and found that Simmons's prior relevant employment was that of a "hand sander" as defined by the DOT Sec. 761.687-010 (1991) published by the Department of Labor. The ALJ further found, based upon the expert's testimony regarding the DOT, that the occupation of "hand-sander" required "light" exertion--notwithstanding Simmons's unrebutted testimony suggesting significantly different job activities. Because Simmons retained the functional capacity to perform light work, reasoned the ALJ, she could return to her previous relevant work and was not entitled to benefits. Over Simmons's objection, the district court accepted the recommendation of the magistrate judge on this issue and declined to disturb the final decision of the Secretary.
 
 
 4
 In this appeal, the Secretary argues that neither the ALJ nor the district court erred in their analysis denying benefits because Fourth Circuit precedent requires that the claimant "show an inability to return to her previous work (i.e., occupation), and not simply to her specific job." De Loatche v. Heckler, 715 F.2d 148, 151 (4th Cir.1983) (citing Jock v. Harris, 651 F.2d 133, 135 (2d Cir.1981)). Because the ALJ appropriately relied on the DOT for the exertional requirements of a "hand sander," see De Loatche, 715 F.2d at 151, continues the Secretary, Simmons has not shown any error on the part of the ALJ or the district court.
 
 
 5
 While our opinion in De Loatche supports both of the Secretary's propositions, it does not support her conclusion. In fact, it is literally the next sentence in the De Loatche opinion that casts doubt on the ALJ's analysis and eventually requires this court to vacate the district court's order with instructions to return the case to the Secretary. Although it is true that "the Secretary may rely on the general job categories of the Dictionary as presumptively applicable to a claimant's prior work," the presumption is rebuttable. Id. The mere fact that a claimant's former employer gave the claimant's job a title similar to one in the DOT does not prove that the claimant was engaged in the occupation the DOT gives the same label. Id. Consequently, the DOT 's characterization of the exertional level required to perform the job title in the DOT may not correspond to claimant's actual occupation. "The claimant may overcome the presumption that the Secretary's generalization applies by demonstrating that her duties were not those envisaged by the framers of the Secretary's category." Id.
 
 
 6
 Simmons appears to have met this burden. The definition of "handsander" upon which the Secretary relies makes no mention of the significant lifting, stooping, bending and standing required of Simmons in her job sanding and inspecting nearly finished chairs. On remand, the Secretary may consider additional evidence on the proper characterization of Simmons's relevant prior work. See De Loatche, 715 F.2d at 151. We decline to attempt to make such a determination on the present record.
 
 
 7
 Because the record does not allow for meaningful review of the Secretary's determination, we vacate the district court's judgment and remand this case with instructions to return the case to the Secretary for further proceedings in accordance with this opinion. We dispense with oral argument because we previously granted Simmons's unopposed motion to submit the appeal on the briefs and record, the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Briefly summarized, those assignments are: (1) the ALJ's failure to find her disabled under "the Grids;" (2) the ALJ's finding regarding the activities required for her previous employment; (3) the ALJ's findings regarding her current impairments; (4) the ALJ's failure to make specific findings regarding her previous employment; (5) the ALJ's reliance on the DOT for the exertional level required for her previous employment; (6) the ALJ's application of the DOT exertional requirements to her current impairments; and (7) the ALJ's consideration of credibility issues which "were not present."