**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BETTY COOK,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2432

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CA-92-466-1-22-AJ)

Submitted: September 19, 1997

Decided: October 14, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary J. Wiesen-Kosinski, Aiken, South Carolina, for Appellant.
Frank W. Hunger, Assistant Attorney General, J. Preston Strom, Jr.,
United States Attorney, Mack A. Davis, Acting Chief Counsel,
Rebion IV, Mary Ann Sloan, Principal Regional Counsel, Social
Security Disability Litigation, Haila Naomi Kleinman, Supervisory
Assistant Regional Counsel, Renata Turner, Assistant Regional Coun-
sel, Office of the General Counsel, Region IV, SOCIAL SECURITY
ADMINISTRATION, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Betty Cook appeals the district court's order upholding the determination by the Commissioner of Social Security (Commissioner) that she is not eligible for social security disability benefits. Because substantial evidence supports the Commissioner's decision, we affirm.

Cook, who has a third-grade education and past relevant work experience as a nurse's aide, alleged in her application for benefits that she became disabled due to back pain on January 1, 1979.* Cook's insured status expired on December 31, 1980. Her application was denied initially and on reconsideration. An administrative law judge (ALJ) conducted a hearing on Cook's application. Cook was fifty-three years old at the time of her hearing, at which both she and her step-daughter testified. After the hearing, the ALJ issued a decision finding that Cook was able to perform her past relevant work as a nurse's aide and, therefore, was not entitled to benefits.

Cook injured her back in a work-related injury in June 1974 and received worker's compensation for a sixty percent impairment. Cook's medical records show that she was treated for back pain between June 1974 and July 1975 and was diagnosed with low back derangement, low back sprain, sciatica, and L5-S1 nerve root pain. Although a herniated disc was suspected, x-rays showed no evidence of disc disease. Cook's principal treating physician in 1974 and 1975, Dr. Manning, found "no objective findings of an impairment" to account for Cook's disabling back pain.

Cook submitted no medical records relating to her back condition

_____

*Cook filed an application for disability insurance benefits in 1977 which was denied. Cook did not pursue an appeal from that decision.

2

between July 1975 and February 1980, when she was hospitalized for two weeks with severe back pain. An x-ray, myelogram, and venogram showed no evidence of nerve root impingement or disc disease. Cook's treating physician, Dr. Zeide, noted that there was "no evidence of neurological or surgically treatable condition," nor did he restrict her activities in any way. From March 1980 through January 1990, Cook received no medical treatment for her back pain. In January 1990, Cook underwent a myelogram, laminectomy and diskectomy.

The ALJ considered the opinions of each of Cook's treating physicians, Cook's testimony, including her claims of pain and limited mobility, and her step-daughter's testimony. Based on the evidence presented, the ALJ concluded that Cook's back pain, as of December 31, 1980, did not "interfere with [her] ability to perform sustained medium work," including her past relevant work as a nurse's aide.

We must uphold the Commissioner's decision if substantial evidence supports it and the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also 42 U.S.C. § 405(g) (1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). We do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. Hays , 907 F.2d at 1456.

Cook first asserts that the medical evidence establishes that she was disabled prior to December 31, 1980. Specifically, Cook points to a 1990 CT scan (ten years after the expiration of her insured status), which showed "minimal degenerative change with intervertebral disc space narrowing involving L5-S1," as evidence of a prior disabling condition. However, the physician's report failed to establish a date of onset with any degree of medical certainty. Rather, he spoke in terms of possibilities, e.g., that Cook's condition "could reflect a long standing fragment which has migrated somewhat more posteriorly than usually expected." (emphasis added). Cook also relies on a letter written by Dr. Holford in 1991 in which he stated that Cook had not been able to work since 1974. A treating physician's opinion is usually entitled to great weight but can be disregarded if there is persuasive contradictory evidence. See Coffman v. Bowen, 829 F.2d 514,

3

517 (4th Cir. 1987). Moreover, the regulations provide that a treating physician's opinion is controlling only if it is consistent with other substantial evidence and well supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R.§ 404.1527(d)(2) (1997). Because Dr. Holford's opinion is inconsistent with other substantial evidence (i.e., the absence in 1974 and 1980 of objective evidence of a disabling condition), it is not entitled to controlling weight.

Next, Cook claims that the ALJ improperly evaluated a workers' compensation disability rating she received in 1975 which assigned a sixty percent permanent disability. The ALJ did take into account Cook's disability award but disregarded it because"[n]o records have been presented which would show on what that award was based or which would indicate persisting functional limitations for a consecutive 12-month period." Although the disability determination of a state agency is entitled to consideration by the Secretary, see DeLoatche v. Heckler, 715 F.2d 148, 150 n.1 (4th Cir. 1983), that determination is not binding. See 20 C.F.R.§ 404.1504 (1997).

Finally, Cook maintains that the ALJ improperly found her testimony not credible and failed to properly evaluate her subjective complaint of pain. In cases where the claimant alleges a nonexertional impairment, including pain, the claimant must present medical evidence of a condition that could reasonably be expected to produce pain. See Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996). Objective evidence of pain or its magnitude is not required. Id.; see also Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). Once a claimant has met the threshold burden of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, the extent to which the pain affects the claimant's ability to work must be evaluated.

> Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment

4

        taken to alleviate it, <u>see</u> 20 C.F.R. §§ 416.929(c)(3) &
        404.1529(c)(3).

<u>Craig</u>, 76 F.3d at 595. Our review of the ALJ's decision reveals that he properly evaluated Cook's condition under the foregoing criteria.

Accordingly, we find that the Commissioner's decision was supported by substantial evidence and we, therefore, affirm the district court's decision. We dispense with oral argument on motion of the parties and because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5