**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHIRLEY NANCE,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 97-1782

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Daniel E. Klein, Jr., Chief Magistrate Judge.
(CA-96-1690-CCB)

Submitted: November 18, 1997

Decided: December 8, 1997

Before ERVIN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Debra Gardner, Nina Shore, LEGAL AID BUREAU, INC., Freder-
ick, Maryland, for Appellant. James A. Winn, Chief Counsel,
Region III, Robert S. Drum, Assistant Regional Counsel, Office of the
General Counsel, SOCIAL SECURITY ADMINISTRATION, Phila-
delphia, Pennsylvania; Lynn A. Battaglia, United States Attorney,
Allen F. Loucks, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shirley Nance appeals from the magistrate judge's order upholding the determination of the Commissioner of Social Security ("Commissioner") that she was no longer entitled to social security disability benefits. Because substantial evidence supports the Commissioner's decision, we affirm.

The Commissioner first found Nance disabled in 1988. At that time, Nance's diagnosed psychiatric condition resulted in appetite disturbance, sleep disturbance, decreased energy, and feelings of guilt and worthlessness. The Commissioner determined that Nance experienced a marked difficulty in social functioning and concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner. Therefore, Nance's impairments met or equaled a listed impairment in the listing of impairments in the Social Security Regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 1§ 12.04 (1997), and she was found to be disabled.

In 1994, Nance's eligibility for social security disability benefits was reviewed. The Commissioner determined that Nance's condition had improved, and that she had only moderate difficulty in social functioning and infrequent difficulty with concentration resulting in a failure to complete tasks in a timely manner. Thus, Nance no longer had functional limitations of the severity necessary to satisfy the criteria of Listing § 12.04, and the Commissioner determined that she was no longer disabled.

Nance's request for reconsideration of cessation of her benefits was denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Nance and a Vocational Expert ("VE") testified. The ALJ considered the opinions of each of Nance's psychiatrists, Nance's testimony, and the opinion of the VE. Based on the

evidence presented, the ALJ issued a written decision finding Nance no longer disabled because she was capable of performing various low stress jobs identified by the VE.

In reaching this decision, the ALJ applied the sequential analysis found at 20 C.F.R. § 404.1594(f) (1997). The ALJ first determined that Nance had not engaged in substantial gainful activity since the date of her initial award of benefits. The ALJ concluded that although Nance continued to suffer from an organic mental disorder and affective disorder, these two diagnosed conditions together did not exacerbate her condition to the point that it met or equaled the severity of an impairment in Listing § 12.04, as it had when Nance first began receiving disability benefits. The ALJ then found that Nance had shown significant medical improvement which resulted in increased residual functional capacity to do basic work activities.

Despite the medical improvement, the ALJ found that Nance still had nonexertional limitations on her ability to work, including moderate difficulty concentrating, handling stress, and dealing with supervisors, co-workers, and the general public. Based on this finding, the ALJ posed a hypothetical question to the VE, who had already reviewed Nance's record. The ALJ asked the VE whether there were any simple low stress jobs which Nance could perform in the local economy. The VE determined that there were thousands of jobs which Nance could perform.

Based on the VE's assessment, the ALJ then determined that although Nance's impairments were severe, given her residual functional capacity, her age, education, and past work experience, she could perform jobs that were available in the local economy. Thus, the ALJ concluded that Nance was no longer disabled, and that her disability insurance benefits were appropriately terminated.

The Appeals Council denied Nance's request for review, and the ALJ's decision became the final decision of the Commissioner. Nance then filed a civil action in the district court. The Commissioner filed a motion for summary judgment, which the magistrate judge granted, finding that substantial evidence supported the Commissioner's decision. Nance appealed to this court.

We must uphold the finding of the Commissioner that Nance was no longer eligible for benefits, if such a finding is supported by substantial evidence. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Substantial evidence is that evidence which "`a reasonable mind might accept as adequate to support a conclusion.'" See Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "`more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts, including inconsistencies in the medical evidence. Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Commissioner, provided substantial evidence supports the Commissioner's decision. See Hays, 907 F.2d at 1456.

Nance contends first that the ALJ erred in finding that her school attendance and activities of daily living showed that her mental condition had improved from the time of the initial award of disability benefits. In determining that Nance's medical condition had improved such that she no longer met the listed requirements of § 12.04, the ALJ took into consideration that Nance had a normal appetite, was able to drive or take the bus to class, and could care for her personal needs; was able to cook, shop, and take care of her home without help; was able to concentrate sufficiently to watch television, read books and newspapers; and significantly, that she was one semester short of attaining her associate degree, and that her ability to pursue this degree over the course of several years reflected her ability to concentrate and to get along at least minimally well with others. The ALJ also considered Nance's own testimony of her daily activities, such as her attendance at plays and dances, her testimony that she studied about ten hours per week plus her time in class, and her testimony that she kept up with her studies. The ALJ considered the psychiatric evaluations indicating that Nance had only moderate difficulties with social functioning and concentration. Given the current psychological evaluations of Nance, and her ability to perform daily chores and attend school regularly, substantial evidence sup-

4

ports the ALJ's finding that Nance's impairments no longer met listing-level severity, and that her medical condition had improved. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that pattern of claimant's daily activities, including cooking, taking care of house, and shopping, showed that he was not disabled).

Nance next contends that the ALJ improperly evaluated the medical evidence. Specifically, Nance asserts that the ALJ failed to give the proper weight to the opinions of Nance's nurse and Nance's treating physician, Dr. Sahandy. The opinion of a treating physician is entitled to great weight unless it is unsupported by the clinical evidence or it is inconsistent with other substantial evidence. See 20 C.F.R. § 416.927(d)(2) (1997). The ALJ's opinion should reveal the weight given to all the evidence; if the ALJ chooses to discredit the report of the treating physician, he must articulate the reasons for doing so. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984); DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). However, the opinions of those other than trained medical doctors, such as nurses, are not afforded the same weight as the opinions of physicians. See 20 C.F.R. §§ 404.1513, 416.913 (1997); see also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); Lee v. Sullivan, 945 F.2d 687, 691 (4th Cir. 1991).

The ALJ noted that because Nurse Butkovich's report was submitted by a nurse, it did not carry the same weight as though it were submitted by a physician or psychiatrist. Moreover, the ALJ also noted that the limitations outlined in the nurse's evaluation were inconsistent with the other evidence presented. Thus, the ALJ did not err in according little weight to this report. See 20 C.F.R. §§ 404.1513, 416.927(d)(2).

To the extent that Nance asserts the ALJ failed to give sufficient weight to Dr. Sahandy's evaluations, this assertion is unsupported by the record. The ALJ considered all of Dr. Sahandy's submissions, which were not inconsistent with the other reports all reflecting that Nance no longer experienced marked difficulties in maintaining social functioning, and that her condition did not result in marked restriction of activities of daily living or inability to function in work or work-like settings.

5

Nance's final argument is that the ALJ lacked substantial evidence to support his finding that there were jobs in the economy which Nance could perform despite her functional limitations. Once the ALJ found that Nance could no longer perform her past work, the burden shifted to the Commissioner to establish that other work existed in significant numbers in the local economy that an individual of Nance's age, education, experience, and residual functional capacity could perform. See Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Here, the ALJ solicited the testimony of the VE regarding whether there were jobs available which Nance could perform based on Nance's functional limitations, which were supported by the record. The ALJ's question involved a person who needed to work in a low stress environment with reduced contact with co-workers, supervisors, and the general public, and who would have moderate difficulty with concentration and accepting instructions and criticism from supervisors. Based on the question as well as his own review of the medical evidence in the record, the VE testified that there were approximately 9000 low-stress jobs in the local economy which Nance could perform.

Because substantial evidence supports the ALJ's decision, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6