**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES KIRKENDOLL,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 97-1147

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-96-493-2)

Submitted: April 21, 1998

Decided: August 25, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rose A. Cyrus, ROBINSON & RICE, L.C., Huntington, West Virginia, for Appellant. James A. Winn, Chief Counsel, Region III, Adam Trevor Ackerman, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James L. Kirkendoll appeals from the district court's order adopt-
ing the report and recommendation of a magistrate judge and granting
summary judgment in favor of the Commissioner in his appeal from
the ALJ's decision denying social security benefits. We affirm.

This Court reviews a decision regarding social security benefits to
determine whether it is supported by substantial evidence and whether
the correct law was applied. See 42 U.S.C.A.§ 405(g) (West Supp.
1997); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Sub-
stantial evidence is "`such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion.'" Richardson v.
Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co.
v. NLRB, 305 U.S. 197, 229 (1938)).

Addressing Kirkendoll's claims, we turn first to his assertion that
the ALJ did not properly consider a doctor's notation that she
observed Kirkendoll lie down for thirty minutes every two to three
hours due to pain. As the Commissioner noted, this statement was
made by a psychiatrist observing and treating Kirkendoll's mental
symptoms. Additionally, the statement is inconsistent with the evalua-
tion of several other doctors who were specifically treating and exam-
ining Kirkendoll's physical, orthopedic symptoms. Accordingly, we
conclude that this statement was properly afforded less weight. See 20
C.F.R. § 404.1527(d)(4), (5) (1996).

Kirkendoll next argues that the ALJ dismissed a finding that he had
diminished grip and grasp in his left hand. Our review discloses that
the ALJ noted this impairment in her report and also noted that the
same physician who diagnosed this mild impairment concluded that
no other problems existed, finding no impairment of reaching, han-
dling, feeling, pushing, or pulling. Because the ALJ's opinion accu-
rately reflects the doctor's report, we find no error.

2

Next, Kirkendoll asserts that the ALJ did not comply with SSR 86-82. Specifically, he argues that at step four of the benefits review process, if the ALJ chooses to refer to the claimant's past work as it is performed in the national economy she must analyze the specific demands of the job and may not rely on the exertional category denoted in the Dictionary of Occupational Titles (DOT). We disagree. Although specific reference to individual job demands is required to determine whether the claimant can return to his actual past job, when the ALJ analyzes past relevant work as it is performed in the national economy, she is entitled to rely on the exertional categories found in the DOT. See DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983); see also SSR 86-81.

In relation to his prior argument, Kirkendoll asserts that the ALJ erred in failing to examine the mental requirements of his past relevant work as it is performed in the national economy. We note that although not listing the specific mental requirements, the ALJ stated that a psychiatrist rated Kirkendoll as at least satisfactory in all psychological categories. Based upon this evaluation, the ALJ concluded that any psychological impairments Kirkendoll suffered would not prevent him from returning to his past work. Our review of the record and the DOT leads us to conclude that this determination is supported by substantial evidence and we therefore find no error.

Finally, Kirkendoll takes issue with the fact that a vocational expert was not solicited to testify in his case. He argues that he suffers from both exertional and nonexertional impairments, and therefore asserts that if the ALJ erred at step four and progression to step five was necessary, a vocational expert would be required to determine what, if any, jobs he could perform. The ALJ did not err at step four, however, and accordingly this issue is without merit.

We therefore affirm the district court's order granting summary judgment in favor of the Commission. We dispense with oral argument based on our prior order granting the Appellant's motion to submit the case on briefs.

AFFIRMED