**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2413**

CARLYN T. TESTAMARK,

        Plaintiff - Appellant,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:16-cv-00202-REP)

Submitted:  July 20, 2018                      Decided:  August 31, 2018

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam opinion.

Daniel S. Jones, LAW OFFICES OF CHARLES E. BINDER AND HARRY J. BINDER, LLP, New York, New York, for Appellant.  Tracy Doherty-McCormick, Acting United States Attorney, Jonathan H. Hambrick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlyn T. Testamark appeals the district court's order adopting the magistrate judge's recommendation and upholding the decision of the Administrative Law Judge (ALJ) denying Testamark's applications for disability insurance benefits and supplemental security income. For the reasons that follow, we vacate the district court's judgment and remand for further proceedings.

"In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

The ALJ employs a five-step sequential process when evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2018). "Steps 1 through 3 ask:

2

(1) whether the claimant is working; (2) if not, whether she has a severe impairment; and (3) if she does, whether the impairment meets or equals a listed impairment." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii). If not, at Step 4 the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant retains the ability to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, at Step 5 the burden shifts to the Commissioner to establish that, in light of the claimant's age, education, work experience, and RFC, the claimant can perform alternative work existing in substantial numbers in the national economy. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The RFC finding is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect . . . her capacity to do work-related physical and mental activities." *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015) (emphasis and internal quotation marks omitted). In assessing the claimant's RFC, "the ALJ must first identify the [claimant's] functional limitations or restrictions and assess . . . her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (internal quotation marks omitted). This "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (internal quotation marks omitted).

3

"[T]he ALJ must *both* identify evidence that supports [her] conclusion *and* build an accurate and logical bridge from that evidence to [her] conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (brackets and internal quotation marks omitted).

On appeal, Testamark challenges the ALJ's weighing of the various medical opinions of record in assessing Testamark's RFC. When evaluating conflicting medical opinion evidence, an ALJ generally must accord more weight to the medical opinion of an examining source than to that of a nonexamining source. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1) (2018)[1]; *Brown*, 873 F.3d at 268. The ALJ also generally must "accord 'more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s).'" *Woods*, 888 F.3d at 695 (quoting 20 C.F.R. § 404.1527(c)(2) (2018)). "[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating [sources] so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (alterations and internal quotation marks omitted).

If the ALJ does not give controlling weight to a treating source's opinion, the ALJ must consider a nonexclusive list of factors to determine the weight to be given all

[1] Because Testamark filed her claim prior to March 27, 2017, the rules set forth in § 404.1527 and § 416.927, not 20 C.F.R. § 404.1527c (2018) and 20 C.F.R. § 416.927c (2018), apply to her claim. *See* 82 Fed. Reg. 5,844, 5,852 (Jan. 18, 2017).

4

medical opinions of record: (1) examining relationship; (2) treatment relationship; (3) supportability of the source's opinion; (4) consistency of the opinion with the record; and (5) specialization of the source. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6) (2018); *Brown*, 873 F.3d at 268. "An ALJ must include a narrative discussion describing how the evidence supports [her] explanation of the varying degrees of weight [s]he gave to differing opinions concerning the claimant's conditions and limitations." *Woods*, 888 F.3d at 695 (alteration and internal quotation marks omitted); *see Monroe*, 826 F.3d at 190. The ALJ may credit the opinion of a nontreating and nonexamining source if that opinion provides "sufficient indicia of supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion." *Woods*, 888 F.3d at 695 (internal quotation marks omitted); *see Brown*, 873 F.3d at 268.

Our review reveals three deficiencies in the ALJ's weighing of the medical opinion evidence. First, the ALJ assigned little weight to the opinions of Testamark's treating sources, Dr. Maria Del Sol and Dr. Cristina Grand, because she found their assessments of moderate-to-marked or marked limitations in various functional areas inconsistent with the evidence of record. In so doing, however, the ALJ cited only to treatment notes predating Testamark's alleged disability onset date. The ALJ pointed to no evidence from the relevant post-onset period that would explain her assessment of these treating source opinions.

5

As we have previously admonished, decision makers evaluating claims for social security disability benefits must show their work. *Patterson*, 846 F.3d at 663. This requires the ALJ to "present us with findings and determinations sufficiently articulated to permit meaningful judicial review." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). The ALJ failed to do so here. Instead, we are "left to guess" as to how the ALJ reached her evaluation of the conflicting medical opinions in light of the evidence of record. *See Mascio*, 780 F.3d at 637. As we are unable to review the reasonableness of her conclusions, "the ALJ's lack of explanation requires remand." *Patterson*, 846 F.3d at 663 (alteration and internal quotation marks omitted); *see Mascio*, 780 F.3d at 640.

Second, even considering the medical evidence of record, that record provides reason to question the ALJ's basis for according Dr. Del Sol's and Dr. Grand's opinions less than controlling weight. When explaining her conclusion that the opinions of Drs. Del Sol and Grand were inconsistent with the medical record, the ALJ relied heavily on observations picked from check-the-box forms in Testamark's treatment notes. The ALJ did not explain the significance of these observations or why they were inconsistent with the functional limitations assessed by Testamark's treating sources. Because symptoms of mental illness may wax and wane over the course of treatment, the fact that Testamark exhibited fair judgment or appeared cooperative on certain specific occasions is not inconsistent with the conclusion that she is unable to work. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (9th Cir. 2014) (discussing appropriate consideration of intermittent symptom remission during course of sustained impairment).

6

By relying on these limited observations to discredit the treating source opinions, the ALJ's opinion seizes on insignificant inconsistencies in the treatment record while overlooking the record's broader import. Testamark's medical record reveals a steady decline in her mental health, culminating in her hospitalization and increasingly aggressive clinical treatment. Multiple mental health professionals confirmed Testamark's refractory depression and anxiety, which they attempted to treat with a multifaceted regimen of psychiatric medication. In the face of this record, the ALJ's reliance on sparse observations from dated treatment notes does not support her conclusion that Dr. Del Sol's and Dr. Grand's opinions are "inconsistent with the other substantial evidence in [Testamark's] case record." *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). To dismiss the opinions of Drs. Del Sol and Grand—and likewise to accord reduced weight to the examining source, Dr. Alejandro Arias—by relying solely on such trivial inconsistencies fails to "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion," *see Woods*, 888 F.3d at 694, further warranting remand.

Third, after according less than controlling weight to the opinions of Testamark's treating sources, the ALJ did not discuss the factors under § 404.1527(c) and § 416.927(c) or explain how those factors supported her decision to accord the opinions of Drs. Arias, Del Sol, and Grand limited weight. To the contrary, the ALJ provided the same perfunctory rationale when weighing Dr. Del Sol's and Dr. Grand's opinions despite differences in their treatment relationships with Testamark. Instead of the treating and examining sources, the ALJ chose to credit the opinion of a nontreating,

7

nonexamining psychologist whose curriculum vitae suggests that he does not treat disorders of the type and complexity documented in Testamark's treatment notes. *See Woods*, 888 F.3d at 695; *Lewis*, 858 F.3d at 867. Under these circumstances, the ALJ's failure to address the § 404.1527(c) and § 416.927(c) factors itself requires remand. *See Brown*, 873 F.3d at 268-69.

In sum, the ALJ's evaluation of the medical opinions of record fails to provide the "holistic and fact-specific evaluation" of Testamark's mental impairments that the RFC determination requires. *See Patterson*, 846 F.3d at 659. Absent more thorough and well-reasoned explanation, we cannot conduct meaningful judicial review of the ALJ's conclusions.[2] *See id.* at 663; *Mascio*, 780 F.3d at 640.

Accordingly, we vacate the district court's order and remand with instructions to vacate the ALJ's denial of benefits and remand to the ALJ for further administrative proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

[2] Because we agree that vacatur and remand are warranted on this basis, we do not reach Testamark's additional challenges to the ALJ's treatment of her subjective complaints and the vocational expert's testimony.